1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   LEWIS ADAM LAWRENCE,

9                           Plaintiff,              Case No. C15-1132-RSM-MAT

10          v.

11   RICHARD PATRICK MURPHY, D.D.S.,               REPORT AND RECOMMENDATION

12                           Defendant.

13

14                 INTRODUCTION AND SUMMARY CONCLUSION

15          This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Lewis

16   Lawrence alleges in his civil rights complaint that defendant Richard Murphy, D.D.S., failed to

17   provide him adequate dental care.  Plaintiff seeks monetary damages as well as declaratory and

18   injunctive relief.  Defendant Murphy now moves for summary judgment.  Plaintiff did not file a

19   response to defendant's motion but, instead, filed a request to withdraw his complaint and to

20   "cancel" the fee for filing this lawsuit.  Defendant filed a response opposing plaintiff's request

21   for voluntary dismissal and asking the Court to consider his pending summary judgment motion.

22   Defendant asks in the alternative that plaintiff's request for voluntary dismissal be granted *with*

23   prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

1    The Court, having reviewed defendant's motion for summary judgment, plaintiff's

2    request to withdraw his complaint, and the balance of the record, concludes that plaintiff's

3    request to withdraw his complaint should be denied, that defendant's motion for summary

4    judgment should be granted, and that plaintiff's complaint and this action should be dismissed

5    with prejudice.

6                                                    FACTS

7    Plaintiff Lewis Lawrence is currently in the custody of the Washington Department of

8    Corrections (DOC) and is confined at the Washington State Penitentiary.[1]  Plaintiff alleges in his

9    complaint that Dr. Murphy, the Chief of Dentistry for the DOC, violated his federal

10   constitutional rights by failing to provide him adequate dental care.  (Dkt. 5 at 3.)   More

11   specifically, plaintiff contends that on April 13, 2015, he informed Dr. Murphy that he had

12   several missing teeth and was experiencing severe pain and swelling, and occasional bleeding of

13   the gums, related to the missing teeth.  (*Id.*)  Plaintiff further contends that he informed Dr.

14   Murphy that he met the criteria under DOC policy for a removable partial denture (RPD), but Dr.

15   Murphy refused to provide the denture despite having knowledge of the difficulties plaintiff was

16   experiencing as a result of his missing teeth.  (*Id.*)

17   While plaintiff specifically complains that he was denied an RPD by Dr. Murphy in April

18   2015, his quest to obtain the denture apparently began much earlier.  The dental records provided

19   by Dr. Murphy in support of his summary judgment motion indicate that plaintiff was seen by a

20   DOC dentist in May 2013 in response to a dental kite from plaintiff requesting that he be

21   provided a lower partial denture for a series of missing teeth (#s 21-28).  (Dkt. 20, Ex. 3.)  The

22

23   _____

     [1]  Plaintiff was confined at the Monroe Correctional Complex - Intensive Management Unit at the time he
     filed this action in July 2015.

REPORT AND RECOMMENDATION
PAGE - 2

missing teeth consisted of two 1st bicuspids (#21, 28), two cuspids (#22, 27), two lateral incisors (#23, 26), and two central incisors (#24, 25).[2]  (*See* Dkt. 20 at 5.)  Plaintiff was advised by the treating dentist, a Dr. Weber, that he did not qualify for a RPD under DOC policy and guidelines because he had posterior teeth for chewing.  (*Id*., Ex. 3.)  The chart notes from that appointment suggest as well that that was not the first time plaintiff had made a request for a RPD.  (*See id*.)

In October 2013, plaintiff was seen again by a DOC dentist, this time in response to a dental kite complaining that "My empty sockets hurt whenever I eat or drink something."  (*Id*., Ex. 5.)  The treating dentist, a Dr. Brown, advised plaintiff to avoid acidic and hard foods.  (*Id*.)  Plaintiff was also advised to cut up his food and to chew on his back teeth.  (*Id*.)  Finally, plaintiff was encouraged to use toothpaste for sensitive teeth if possible.  (*Id*.)

In December 2014, plaintiff submitted a dental kite noting that he had a series of teeth missing on the bottom of his mouth and that the absence of those teeth was causing him pain and was making it difficult to chew.  (*Id*., Ex. 6.)  Plaintiff asked that the dental staff look into this issue and fix his teeth.  (*Id*.)  Plaintiff was advised that his case would be presented to the Care Review Committee (CRC) for approval of a lower partial denture.  (*Id*.)

The CRC is an entity within the DOC which reviews the medical necessity of certain proposed care and grants or denies authorization for such care.  (*See* Dkt. 20 at 4.)  The dental CRC is comprised of all available DOC dentists and the Chief Dental Officer.  (*Id*.)  On January 20, 2015, the dental CRC met and discussed plaintiff's request for a RPD.  (Dkt. 20, Ex. 8.)  The 13-member committee, by majority vote, denied the RPD as not medically necessary.  (*Id*.)  Dr. Murphy was a voting member of the CRC.  (*Id*.)

---

[2]  The record indicates that the missing teeth were the result of self-extractions performed by plaintiff while he was confined in isolation.  (*See* Dkt. 20, Ex. 8.)  The record does not reveal the date(s) of the self-extractions.

REPORT AND RECOMMENDATION
PAGE - 3

The CRC report memorializing the Committee's recommendation to deny plaintiff the RPD does not clearly explain the reasons for the denial, indicating only that the RPD was not medically necessary. (*Id.*) Dr. Murphy, in his declaration in support of his motion for summary judgment, explains that the RPD was not deemed medically necessary in plaintiff's case for two reasons. (*Id.* at 7.) The first reason was that the RPD would not "improve chewing function." (*Id.*) Dr. Murphy explains that a person uses their bicuspids and molars for chewing and grinding food, and that the teeth plaintiff is missing are anterior teeth which are non-essential to the adequate chewing of food. (*Id.*) Dr. Murphy further explains that anterior teeth RPDs are primarily used to improve a patient's aesthetic appearance and minor incising, not to improve chewing functionality. (*Id.*)

The second reason the RPD was not deemed medically necessary was that plaintiff had eight or more posterior teeth in occlusal contact and four or more occluding posterior chewing contacts. (*Id.*) Dr. Murphy explains that "[h]aving at least eight posterior teeth in occlusion with at least four or more of those posterior teeth in contact is considered an adequate dentition for mastication by dental practitioners nationwide." (*Id.* at 6.)

Plaintiff was upset with the decision of the CRC and, on February 26, 2015, he submitted another dental kite requesting the RPD and threatening to murder five corrections officers if he didn't get it. (*Id.*, Ex. 9.) Plaintiff also threatened to keep killing corrections officers until his teeth are fixed. (*Id.*)

<u>DISCUSSION</u>

Dr. Murphy argues that he is entitled to summary judgment in this action because he did not personally participate in plaintiff's dental care and because plaintiff suffered no violation of a federal constitutional right. (*See* Dkt. 19.) As noted above, plaintiff has not filed any response

REPORT AND RECOMMENDATION
PAGE - 4

1   to defendant's pending summary judgment motion but has, instead, filed a request to withdraw

2   his complaint and to "cancel" the filing fee for filing this lawsuit.  (Dkt. 26.)  Dr. Murphy

3   opposes this request and asks that the Court rule on his summary judgment motion.  (*See* Dkt.

4   27.)

5                                   Request to Withdraw Complaint

6         Plaintiff made his request to withdraw his complaint in a letter received by the Court on

7   January 15, 2016.  (Dkt. 26.)  Plaintiff provides no explanation for his desire to withdraw his

8   complaint, though the letter suggests that his incentive may be to have the debt for the filing fee

9   cancelled.  (*See id*.)

10        Pursuant to Fed. R. Civ. P. 41(a)(2), an action may be dismissed at a plaintiff's request

11  only by court order if the request for voluntary dismissal is made after the opposing party serves

12  either an answer or a motion for summary judgment.  When ruling on a request for voluntary

13  dismissal, a court "must determine whether the defendant will suffer some plain and legal

14  prejudice as a result of the dismissal."  *Westlands Water Dist. v. United States*, 100 F.3d 94, 96

15  (9th Cir. 1996).  The Ninth Circuit has held that "legal prejudice" means "prejudice to some legal

16  interest, some legal claim, [or] some legal argument."  *Id*. at 97.

17        District courts in the Ninth Circuit have identified four factors to be considered when

18  deciding whether to grant a request for voluntary dismissal under Fed. R. Civ. P. 41(a)(2):  (1)

19  the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence

20  on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to

21  take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the

22  defendant.  *See United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999); *Navajo Nation v.*

23  *Peabody Coal Co.*, 2009 WL 806636 (D. Ariz. 2009).  *See also*, *Grover v. Eli Lilly & Co.*, 33

REPORT AND RECOMMENDATION
PAGE - 5

1  F.3d 716, 718 (6th Cir. 1994); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987);

2  *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986).

3        Considering plaintiff's request for voluntary dismissal in light of the factors identified

4  above, this Court concludes that plaintiff's request should be denied.  The first two factors weigh

5  slightly in plaintiff's favor as this case has been pending a relatively short period of time, no trial

6  date has been set, and plaintiff has displayed no lack of diligence in prosecuting the action to this

7  point.  The second two factors, however, weigh heavily against plaintiff as plaintiff offers no real

8  explanation for his desire to dismiss the case at this juncture and defendant filed his summary

9  judgment motion prior to plaintiff submitting his request for voluntary dismissal.[3]   In this

10 Court's view, the weight of these two factors is sufficient to justify denying plaintiff's request to

11 withdraw his complaint.  The Court will therefore proceed to disposition of defendant's pending

12 summary judgment motion.[4]

<u>Summary Judgment Standard</u>

13

14       Summary judgment is appropriate when, viewing the evidence in the light most favorable

15 to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the

16 movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a); *Anderson v.*

17 *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are facts which might affect the

18 outcome of the pending action under governing law.  *See Anderson*, 477 U.S. at 248.  Genuine

19 disputes are those for which the evidence is such that "a reasonable jury could return a verdict

20 for the nonmoving party."  *Id*.

21

22     [3]  The Court notes that even a successful request for voluntary dismissal would not relieve plaintiff of the obligation to pay the entire filing fee.

23     [4]  Plaintiff has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998).  (*See* Dkt. 21.)

REPORT AND RECOMMENDATION
PAGE - 6

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e).  A mere scintilla of evidence is insufficient to create a factual dispute.  *See Anderson*, 477 U.S. at 252.  In ruling on a motion for summary judgment, the court may not weigh the evidence or make credibility determinations.  *Id*. at 248.

<u>Section 1983 Standard</u>

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable under § 1983 solely on the basis of the individual's supervisory responsibility or position.  *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978).  Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

<u>Eighth Amendment Claim</u>

Plaintiff alleges that his constitutional rights were violated when Dr. Murphy denied him a RPD in April 2015 despite the fact that plaintiff met the criteria for a RPD under DOC policy, and despite Dr. Murphy's knowledge that plaintiff was suffering severe pain and swollen gums

REPORT AND RECOMMENDATION
PAGE - 7

as a result of his missing teeth.  (Dkt. 5 at 3-4.)  Plaintiff's claim of inadequate dental care arises under the Eighth Amendment.

In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component.  The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'"  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety.  *Farmer*, 511 U.S. at 834.  Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.  *Farmer*, 511 U.S. at 837.

The Ninth Circuit has explained that "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks omitted).  "[A] serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

Defendant states in his declaration in support of his motion for summary judgment that he has never spoken with plaintiff nor has he ever treated plaintiff as a patient.  (Dkt. 20 at 4.)

REPORT AND RECOMMENDATION
PAGE - 8

According to Dr. Murphy, his only involvement in plaintiff's case was as a voting member of the dental CRC which denied plaintiff's request for a RPD.  Defendant contends that his role as the DOC Chief of Dentistry alone is not sufficient to support a § 1983 claim against him, and that there is no causal connection between his conduct and the alleged constitutional violation. Defendant further argues that even if the Court determines he did personally participate in plaintiff's dental care, he is still entitled to summary judgment because he did not violate plaintiff's Eighth Amendment rights.

Plaintiff has produced no evidence that Dr. Murphy had any direct involvement in his dental care, and plaintiff's assertion that Dr. Murphy had knowledge of the fact that he was suffering severe pain, as well as swelling and bleeding of the gums, as a result of his missing teeth finds no support in the record.  This dearth of evidence suggests that plaintiff is seeking to have Dr. Murphy held liable based solely on his supervisory position.  As noted above, this is not permissible under § 1983.

To the extent plaintiff is seeking to have Dr. Murphy held liable in this action based on his role as a voting member of the CRC which denied plaintiff's request for a RPD, plaintiff has not established any violation of his Eighth Amendment rights.   The record suggests that the only information provided to the CRC was that plaintiff did not meet the prosthetic guidelines and that aside from the series of missing teeth, plaintiff had otherwise good dental health, good dentition, and adequate posterior chewing contacts.  (Dkt. 20, Ex. 7.)  On this record, it cannot be said that Dr. Murphy was deliberately indifferent to any serious medical need.

As plaintiff has not set forth any facts demonstrating a genuine issue of material fact for trial with respect to his Eighth Amendment claim against Dr. Murphy, Dr. Murphy is entitled to summary judgment in this action.

REPORT AND RECOMMENDATION
PAGE - 9

Request for Issuance of Strike

Defendant also requests in his motion for summary judgment that the Court make a finding that this action is frivolous and assess a strike under 28 U.S.C. § 1915(g).  (*See* Dkt. 19 at 11-12.)  The Ninth Circuit has defined a "frivolous" case as one "of little weight or importance: having no basis in law or fact."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).  While the Court is not convinced that plaintiff's underlying Eighth Amendment claim is frivolous, his claim that Dr. Murphy personally violated his constitutional right to adequate dental care is arguably frivolous as there are no facts whatever to support such a claim.  This Court therefore recommends that the dismissal of this action count as a strike under § 1915(g).

CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's motion to withdraw his complaint be denied and that Dr. Murphy's motion for summary judgment be granted.  This Court further recommends that plaintiff's complaint and this action be dismissed with prejudice, and that this dismissal count as a strike under § 1915(g).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect the right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE - 10

1    be ready for consideration by the District Judge on **April 29, 2016**.

2         DATED this <u>1st</u> day of April, 2016.

3

4

5    Mary Alice Theiler
     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 11